Certiorari to review an award of the Industrial Accident Commission in favor of one George Prescos against petitioner of $722.10, being $8.30 per week for 87 weeks.
By reason of an accident in the course of his employment by petitioner, and arising out of said employment, Prescos suffered complete loss of vision of the left eye, and became entitled upon proper application therefor to receive the amount of compensation awarded him. The accident occurred on December 1, 1914, and the proceeding before the commission was not instituted until December 23, 1915. The only amount ever in fact paid to him by petitioner was $18 paid on January 5, 1915. The claim of petitioner here is that at the time the proceeding was instituted before the commission the right of Prescos to so proceed was barred by the provisions of section 16 of the Workmen's Compensation Act which provides that "unless compensation is paid or an agreement for its payment made within the time limited in this section for the institution of proceedings for its collection, the right to institute such proceedings shall be wholly barred," and that proceedings for the collection of such a benefit as is here involved "must be commenced within six months from the date of the accident, except as otherwise provided in this act," and that "the payment of the disability indemnity, . . . or any part thereof, or agreement therefor, shall have the effect of extending the period within which proceedings for its collection may be commenced, six months from the date of the agreement or last payment of such disability indemnity, . . . or any part thereof." Petitioner by its answer before the commission claimed the benefit of these provisions. Their effect was to bar the proceeding instituted by Prescos unless there was some "agreement" for the payment of the compensation under which it may be held that the time was extended. (See Miller v.Industrial Accident Commission, 172 Cal. 473, [156 P. 1033].)
It is urged that the award cannot stand in the absence of an express finding by the commission on the issue made as to this question. There is no express finding in regard to *Page 654 
this matter. But petitioner failed to make any such objection in its petition to the commission for a rehearing, and therefore must "be deemed to have finally waived" the same. (Workmen's Compensation Act, sec. 81 [Stats. 1913, p. 315].) The award must be considered upon the assumption that the commission concluded that there was an "agreement" for the payment of the compensation as, in fact, it said in its order denying a rehearing, and the only question for us is whether there is enough in the evidence to furnish legal support for such a conclusion.
Prescos is an illiterate Greek, living in Humboldt County, where the accident occurred. One Johnson conducted for him his correspondence with petitioner railroad company relative to the payment of compensation, concerning his right to which there appears never to have been the slightest question. In March, 1915, application was made on his behalf to the rating department of the commission for information as to the amount of compensation to which he was entitled. A letter was sent him by such rating department on March 29, 1915, informing him that he was entitled on the facts stated to $8.30 per week for 87 weeks. The letter states that a copy was sent to his employer and a copy to the Eureka office of the commission. Prescos and Johnson testified that about this time he (Prescos) received a letter from Mr. C.A. Coombs, division engineer of petitioner, to the effect that he was to receive $8.30 per week for 87 weeks. Johnson testified that in this letter it was promised that the company would pay this. Subsequently Johnson for Prescos wrote Mr. Coombs about the matter, and in a letter in reply dated June 22, 1915, at Fort Seward, and addressed to Johnson at Garberville, Mr. Coombs said: "Referring to accident happening to Mr. George Prescos, I wish to advise that the Industrial Accident Commission has decided that he is entitled to a compensation of $8.30 per week for 87 weeks. We desire to know whether it will be agreeable to Mr. Prescos to accept payments in monthly vouchers and where should voucher be sent so as to reach him. We have been endeavoring to get this information from Mr. Prescos, but to date he has refused to give us this data, so that vouchers may be issued to him. All vouchers are issued by our San Francisco office. We have none here for him, as he has refused to inform us where they should be sent." In reply, Johnson *Page 655 
said that he had seen Prescos, who was working some distance out of town, and that he had left the matter with him (Johnson) to settle with Coombs, that he (Prescos) said that he is "satisfied for company to give him, but he wants to get that money all at one time, that is the full amount in one payment," and that he would like to be allowed to continue to work for the company because, on account of the loss of sight he could not get a job elsewhere. As late as August 6, 1915, Mr. Coombs, as division engineer, by letter of that date said:
"With reference to my letter of June 22d and your letter of July 19th: Will you kindly advise me to what post office address compensation vouchers should be mailed for George Priscos? Should they be mailed to Garberville in your care? They will be mailed once a month by registered mail, such being in accordance with the Award of the Industrial Accident Commission. We cannot mail them more often than that.
"We have been endeavoring for several months to have Mr. Priscos advise us where these vouchers should be mailed, but to date he has failed to furnish such information, which accounts for the lateness in his receiving vouchers.
"A prompt reply will be appreciated."
About three months later, viz., on October 30, 1915, Johnson again wrote Coombs to the effect that Prescos would like to have his money, and Coombs replied to the effect that as the Industrial Accident Commission and the railroad company's legal department "now have his case up," he could do nothing for him in the matter of final settlement. It is not questioned that Mr. Coombs in all his communications was acting in accord with authority so to do. Prescos substantially testified that he believed from the correspondence that the whole matter had been adjusted, and that the checks were being retained for him by the company, he preferring to let the matter thus remain so that he could get all of his money at one time. Hence his failure to even think of commencing formal proceedings before the commission until after receipt of the letter of October 30th. The evidence very clearly shows that both Prescos and petitioner accepted as a final disposition of the matter as to the amount of compensation, the estimate of the rating department of the Industrial Accident Commission. Can it be fairly held that there was in all this a sufficient foundation for a conclusion that there *Page 656 
was an "agreement" within the meaning of the Workmen's Compensation Act for the payment thereof. We are satisfied that this question must be answered in the affirmative.
As we have seen, according to the uncontradicted evidence, petitioner three times substantially promised in writing to pay to Prescos the amount of compensation declared by the rating department of the Industrial Accident Commission to be due him, $8.30 a week for 87 weeks. The assent of Prescos to the amount of compensation thus proffered is certainly sufficiently expressed in the reply to the letter of June 22, 1915, to constitute an agreement between the parties, within the meaning of the act, for the payment of the compensation stated. There was certainly a meeting of the minds of the parties as to this, an acceptance by both of them of the amount stated by the rating department of the Industrial Accident Commission. The fact that Prescos expressed therein a desire to have all of the money paid to him at one time instead of in monthly installments as proposed by the petitioner, is not material in this connection. It was the mere expression of a desire as to the way in which he should receive the agreed amount, just as what followed was a mere request that he be allowed to continue to work for the company, in no degree qualifying his acceptance as to the amount. There was an agreement for the payment of a certain sum as compensation, the sum determined by the rating department of the commission to be the correct amount, and this is all the act requires. The act prescribes no particular form of agreement. To constitute an agreement within the meaning of the act certainly no more should be held to be necessary than an understanding between the parties as to the amount to be paid, and a promise on the part of the employer to pay that amount.
It is not suggested that, if the correspondence constituted a sufficient manifestation of an "agreement" for the payment of this amount of compensation, the proceeding of December 23, 1915, was not instituted within the time allowed by the act. The whole claim of petitioner in this connection, as shown by the briefs, is that a sufficient agreement is not shown by the correspondence.
It is proper to state that there can be no doubt, in view of the evidence, that Prescos regarded the matter as to the amount of compensation to be paid him to be fully adjusted *Page 657 
and determined between himself and petitioner, and understood that petitioner had agreed to pay him this amount, as promised by it more than once.
The award of the Industrial Accident Commission is affirmed.
Shaw, J., Melvin, J., Sloss, J., Henshaw, J., and Lawlor, J., concurred.